**Penny HUDIBURG, Appellant,**

v.

**CROWN LIFE INSURANCE COMPANY, Appellee.**

No. 18343.

Court of Civil Appeals of Texas, Fort Worth.

May 22, 1980.

Rehearing Denied June 17, 1980.

Mock & Fleniken and William J. Fleniken, Jr., Fort Worth, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller and T. Michael Wilson, Dallas, for appellee.

OPINION

SPURLOCK, Justice.

This case involves a dispute over the amount of monthly disability benefits due an employee's estate under the employer's group health insurance policy. The employee's estate claims the insurer paid $295.80 per month less than the amount the employee was entitled to receive under the policy. The estate appeals the trial court's judgment that it take nothing by its suit to recover $7,099.20, the amount allegedly owed the employee under the policy. Two

issues are presented. First is whether there is ambiguity in a provision of the policy upon which the insurer relies which reduces the basic amount of monthly disability benefits. Second is whether this provision violates Tex.Ins.Code Ann. art. 3.70–2(A)(5) because it is not included with the benefit provision it reduces.

We affirm.

Charles Hudiburg was covered by a group health insurance policy issued to his employer by Crown Life Insurance Company. The policy provided monthly disability benefits to certain employees under various conditions not material to this appeal. After Hudiburg became disabled and eligible for the benefits, he applied to Crown for the monthly benefits. At the time he applied Hudiburg was earning $1,380.00 per month and was receiving $295.80 per month in social security benefits.

Crown computed the amount of monthly benefit to which Hudiburg was entitled under the policy to be $104.20, which represents the maximum basic amount of $400.00 less the $295.80 per month he received in social security benefits. After he unsuccessfully attempted to obtain the additional $295.80 per month, Hudiburg sued Crown for $7,099.20, representing $295.80 per month over 24 months, plus interest and attorney's fees.

Before the trial court heard this case Hudiburg died. His wife, Penny, filed a suggestion of death as the executrix of his estate and was substituted for him in this suit. The trial court heard this case without a jury upon a stipulation of facts made by the parties. The trial court rendered a judgment that Mrs. Hudiburg take nothing.

An agreed copy of the policy in question reveals that the benefit schedule provided that the basic amount of benefits to which employees in Hudiburg's class were entitled was "AN AMOUNT OF MONTHLY INCOME EQUAL TO THE LESSER OF 66⅔% OF THE EMPLOYEE'S MONTHLY EARNINGS OR $400.00." Another page of the policy is entitled "EMPLOYEE LONG TERM DISABILITY INCOME BENEFIT." In pertinent part it provides as follows:

"Amount of Monthly Income Benefit

"The amount of monthly income payable to an employee under this benefit shall be the amount of Monthly Income for which he is insured as shown in the BENEFIT SCHEDULE on the date of commencement of his total disability, subject to any provision for the reduction or termination of insurance contained in this policy on such date.

"For the purpose of integrating benefits payable under this policy with disability income benefits payable to the employee under any government plan or from any other source, the amount of monthly income benefit which otherwise would be payable under this policy shall be reduced first by any amount payable under any government plan, and shall then be reduced further by any amount payable from any other source to the extent that the total monthly amount payable to the employee under this policy, under any government plans and from any other sources shall not exceed the lesser of 66⅔% of his monthly earnings at the commencement of total disability by [sic] $1,500.00. However, any amount of monthly income benefit payable under this policy shall not be reduced due to integration of benefits to an amount less than $10.00."

Mrs. Hudiburg claims this provision for the reduction of benefits is ambiguous. The parties agree that the language reducing benefits by an amount the employee receives from sources other than from a government plan to the extent that the total amount the employee receives per month from all sources does not exceed the "lesser of 66⅔% of the employee's monthly earnings at the commencement of disability *by* $1,500.00" is erroneous. The parties agree that the language should be the "lesser of 66⅔% of the employee's monthly earnings . . . *or* $1,500.00." This error could have no effect on Hudiburg as there is a stipulation in the record that during the 24 month period in question he received no benefits from any source other than under the policy and from social security.

■ After carefully reviewing the language of the policy, in accordance with all rules of construction we do not find that the language reducing disability benefits is ambiguous. We conclude that the method of computing benefits under the policy is clear on its face and needs no judicial construction or interpretation. We conclude that if valid, Crown has properly computed the amount of monthly benefits to which Mrs. Hudiburg is entitled.

■ Mrs. Hudiburg contends the provision for the reduction of benefits is invalid because it violates art. 3.70–2(A)(5) of the Insurance Code. In pertinent part, this provision of the code provides that no policy of accident and sickness insurance shall be delivered or issued for delivery unless any exception and reduction of indemnity is, at the option of the insurer, either included with the benefit provision to which it applies, or under an appropriate caption such as "EXCEPTIONS" or "EXCEPTIONS AND REDUCTIONS." Obviously the reason for this rule is to prevent a policy from stating a benefit and then reducing the benefit elsewhere in the policy by a reduction provision in "fine print."

■ Mrs. Hudiburg notes that there is no indication in the benefit schedule of any reduction or exception to the basic amount of benefits stated therein. Further she notes that the provision reducing the amount of the benefit is under the heading "Amount of Monthly Income Benefit" rather than a heading which indicates a reduction or exception. While this raises an interesting question we need not consider whether this violates the Insurance Code because we conclude art. 3.70–2(A)(5) does not apply to group health insurance policies.

Tex.Ins.Code Ann. art. 3.70–8 (Supp.1980) states that nothing in this act shall apply to or affect any blanket or group policy of insurance except as provided in art. 3.70–2(B) and art. 3.70–2(C). Thus nothing in art. 3.70–2(A) applies to or affects group health insurance policies like the policy in this case. We therefore overrule Mrs. Hudiburg's contention that the language in this policy violates the provisions of the Insurance Code.

While we have not separately discussed each of the points of error presented in complaint of the judgment of the trial court, each point of error has been severally considered. Each point of error is overruled.

The judgment of the trial court is affirmed.